IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GWENDOLYN D. GLENN,

                Plaintiff,

v.

U.S. BANK,

                Defendant.

OPINION & ORDER

15-cv-816-jdp

---

Pro se plaintiff Gwendolyn D. Glenn has filed a complaint against defendant U.S. Bank. Plaintiff has paid the $400 filing fee.[1] But because this case duplicates a case that is currently pending before the United States District Court for the Northern District of Texas, I will dismiss this case and refund plaintiff her $400.

ALLEGATIONS OF FACT

Plaintiff filed a complaint against U.S. Bank in this court on December 21, 2015. Dkt. 1. Since then plaintiff has filed numerous additional documents and letters with the court. These additional documents fill in some of the background, but her case is still confusing, contradictory, and quite implausible. In her complaint, plaintiff alleges that she has been unable to withdraw more than $64 billion from two accounts that she has with U.S. Bank. Plaintiff opened the accounts in Missouri in 2009. But the supplemental documents tell a different story.

---

[1] The court granted plaintiff leave to proceed *in forma pauperis* on January 6, 2016, but last week plaintiff paid the filing fee in full, unprompted.

Several years ago, plaintiff received legal settlements from the YWCA in Madison, Wisconsin for $3,500 and from Skyline Point LLC, Advantage Management, and State Automobile Mutual Insurance Company for $1,850. She has filed documentation of these settlements. Dkt. 8; Dkt. 9; Dkt. 10. But in a recent letter to the court, plaintiff contends that she got $16 million from the YWCA and $369,000 from the second settlement. Dkt. 20. Plaintiff states that she opened her accounts with U.S. Bank in Missouri shortly after securing these settlements.

Plaintiff has also filed a letter with the court indicating that since she filed this case, she has learned that a number of individuals have withdrawn nearly $11 million from her U.S. Bank accounts in Missouri, without her permission. She closes the letter by apologizing to "Keristen" for "blaming [her] for what happen[ed]." Dkt. 17. Kristen Oliver is a personal banker at the U.S. Bank branch in Kansas City, Missouri. Dkt. 5, at 5.

Plaintiff has initiated a very similar lawsuit against U.S. Bank in Texas. In that case, plaintiff alleges that a U.S. Bank branch in Kansas City, Missouri has been wrongfully holding her funds—including, it appears, funds from a settlement with the YWCA—and that U.S. Bank owes her somewhere between $90 million and $240 million. Dkt. 11, at 11-14. After plaintiff filed suit in Texas state court, U.S. Bank removed the case to the United States District Court for the Northern District of Texas and moved to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted. Dkts. 11-13. It does not appear that plaintiff has responded to the motion to dismiss or that the Northern District of Texas has ruled on the motion. But it appears that plaintiff's issues with U.S. Bank can be fully resolved on the merits in the Texas federal case.

ANALYSIS

Plaintiff's efforts here obviously duplicate her claims in the ongoing Texas litigation. Plaintiff implicates the same defendant, the same branch office, the same settlement proceeds, and similarly huge, fantastical sums of money. Because plaintiff is pursuing her claims in the Northern District of Texas, I will dismiss her case here without prejudice, as duplicative. *See Barrington Grp., Ltd. v. Genesys Software Sys., Inc.*, 239 F. Supp. 2d 870, 873 (E.D. Wis. 2003) ("[F]ederal courts have the inherent power . . . to transfer, stay or dismiss the suit to avoid wasteful, repetitive litigation." (citing *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993))); *see also Trippe Mfg. Co. v. Am. Power Conversion Corp.*, 46 F.3d 624, 629 (7th Cir. 1995) ("A district court has an ample degree of discretion in deferring to another federal proceeding involving the same parties and issues to avoid duplicative litigation. We cannot say that the district court abused this discretion when it dismissed Count II in order to discourage duplicative litigation." (internal citation and quotation marks omitted)). And because her efforts here duplicate the Northern District of Texas lawsuit, I will direct the clerk's office to refund her $400.

I am dismissing plaintiff's case without prejudice. However, I will warn plaintiff now that if she chooses to refile her claims here, her chances of success are very low, and she will likely spend the $400 filing fee for nothing. Her claim that she has received large settlements is implausible in light of the documentation she has provided. And once the Texas case is resolved, plaintiff will not be able to re-litigate those same claims against U.S. Bank again in any court.

ORDER

IT IS ORDERED that:

1. Plaintiff Gwendolyn D. Glenn's case is DISMISSED without prejudice.

2. Plaintiff's motion for hearing, Dkt. 15, is DENIED.

3. The clerk's office is directed to refund plaintiff her $400.

4. The clerk's office is directed to enter judgment for defendant and close this case.

Entered May 10, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge